

# In the Court of Criminal Appeals of Texas

No. WR-75,864-05

EX PARTE BARTHOLOMEW ANTONIO GUZMAN,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1053411-B in the 262nd District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2006 of causing serious bodily injury to a child and sentenced to ninety years' imprisonment. The First Court of Appeals affirmed his conviction in 2008. *Guzman v. State*, No. 01-06-00946-CR, 2008 WL 340001 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008) (not designated for publication). In October of 2022, Applicant

filed a subsequent application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. This Court denied Applicant's previous application challenging the same conviction in 2017. In his present application, he alleges that the State presented false testimony at trial in violation of Applicant's due process rights. He also alleges that he is entitled to a new trial under Texas Code of Criminal Procedure 11.073, because there is newly available scientific evidence that contradicts the scientific evidence relied on by the State at trial. TEX. CODE CRIM. PROC. art. 11.073.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. To pass the bar against consideration of the merits of subsequent writ applications, Applicant argues that the legal bases for his current claims were unavailable when he filed his previous applications. But even once the legal bases for his current claims were available, Applicant delayed presenting his current claims. Regarding his false testimony claim, the legal basis for such a claim arose in *Ex parte Chabot*, a case handed down by this Court in 2009. *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009). Applicant did not file this

subsequent writ application until almost thirteen years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                      February 8, 2023
**DO NOT PUBLISH**

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).